IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cr-20084-SHL |
| ) | |
| CHARLIE GIBSON, ) | |
|     Defendant. ) | |

**ORDER ON ADMISSIBILITY OF RULE 404(b) EVIDENCE**

Before the Court is the United States' Notice Pursuant to Federal Rules of Evidence 404(b) (ECF No. 45), filed November 9, 2023, and Defendant Charlie Gibson's Response to Government's "Notice Pursuant to Federal Rules of Evidence 404(b)" (ECF No. 46), filed November 16, 2023. The Government seeks to admit into evidence two "other acts" allegedly committed by Mr. Gibson to help establish that he knowingly possessed a firearm here. (ECF No. 45 at PageID 120.) For the following reasons, the Court **DENIES** the admissibility of the proffered evidence identified in the Government's 404(b) notice.

**LEGAL STANDARD**

District courts determine the admissibility of evidence before its introduction in all federal cases. See Fed. R. Evid. 104(a). Under the Federal Rules of Evidence, all relevant evidence is generally admissible. See Fed. R. Evid. 402. To be relevant, evidence must have a tendency to make a fact of consequence more or less probable than it would be without admitting it. Fed. R. Evid. 401. But a district court may nevertheless exclude even relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403.

"In order to exclude evidence under Rule 403, the evidence must be more than damaging; it must be unfairly prejudicial." United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (citing Hines v. Joy Mf'g Co., 850 F.2d 1146, 1154 (6th Cir. 1988)).  Unfair prejudice results when admission of the evidence creates "an undue tendency to suggest a decision on an improper basis." Rey, 923 F.2d at 1222 (citing United States v. Vandetti, 623 F.2d 1144, 1149 (6th Cir.1980)).  "The district court is granted 'very broad' discretion in making this determination." United States v. Hawkins, 969 F.2d 169, 174 (6th Cir. 1992) (quoting United States v. Vance, 871 F.2d 572, 576 (6th Cir. 1989)).

Evidence of a criminal defendant's crimes, wrongs, or other acts is inadmissible to prove conduct in conformity with bad character.  Fed. R. Evid. 404(b)(1).  However, such evidence may be admitted if the act has probative value independent of a propensity inference, such as for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

A three-part Sixth Circuit test provides the admissibility guardrails under Rule 404(b)(2): "the district court must make a preliminary determination regarding whether there is sufficient evidence that the 'other acts' took place . . . [,] determine whether those 'other acts' are admissible for a proper purpose under Rule 404(b) . . . [, and] determine whether the 'other acts' evidence is more prejudicial than probative." United States v. Lattner, 385 F.3d 947, 955 (6th Cir. 2004).

## ANALYSIS

The Government seeks to introduce evidence of two instances of Mr. Gibson allegedly using a firearm many months before the events at issue here.  (ECF No. 45 at PageID 115–17.)

It argues that a road rage incident on July 9, 2021, where Mr. Gibson purportedly fired "possibly a Glock" at another driver, could help show that Gibson knowingly possessed a firearm on December 16, 2021. (Id. at PageID 116.) An encounter on April 30, 2022, where Mr. Gibson supposedly fired a pistol through the front door of a house after a brief altercation, could help show that Gibson knowingly possessed a firearm on July 4, 2022. (Id. at PageID 117.) The Government argues that these other acts fall under the 404(b) exception "of proving knowledge." (Id. at PageID 118.)

Counts 1 and 3 involving December 16, 2021, and Count 4 involving July 4, 2022, all require the Government to prove that Mr. Gibson "knowingly possessed a firearm" on the two dates in question. (ECF No. 53 at PageID 184–85.) A person knowingly possesses a firearm if he does so "voluntarily and intentionally, and not because of mistake or accident." Sixth Circuit Committee on Pattern Criminal Jury Instructions, Sixth Circuit Pattern Jury Instructions: Criminal 371 (2022 ed.). Voluntary use of the same pistol in an earlier act could, in theory, help show that possession of that exact pistol on the dates related to this case was not an accident or a mistake.

As an initial matter, there is not enough evidence in front of the Court to determine whether these other acts even occurred. Mr. Gibson does not admit to either, as he believes that "inadequate evidence exists that he committed either of these prior shooting incidents." (ECF No. 46 at PageID 123.) Indeed, as for the July 2021 event, while the Government states that Mr. Gibson was identified in a photo lineup by a witness, specificity around convictions and charges against Mr. Gibson are scant. (ECF No. 45 at PageID 116.) Thus, the first stage of the three-part 404(b) test is not satisfied.

The Government decisively falls short when skipping ahead to the third prong of the

404(b) analysis because both of the other acts are more prejudicial than probative and could lead to a confusion of the issues. The jury is bound to get distracted by the allegations of hotheadedness by Mr. Gibson, accused of turning to gun violence over a relatively minor dispute on the road in July 2021. (See ECF No. 45 at PageID 116.) Similarly, the April 2022 incident could lead the jury to believe Mr. Gibson is a danger to the community and divert their attention from the counts at hand. (See id. at PageID 117.) Four separate instances of firearm possession on four separate dates could have a devastating subconscious cumulative effect on the jury's impression of Mr. Gibson. Evidence of these other acts would "greatly increase[e] the chance that the jury [will] punish him not for his involvement in the offense at issue, but because he appear[s] to be a 'bad guy.'" See United States v. Bell, 516 F.3d 432, 446 (6th Cir. 2008).

     District courts can consider alternative sources of proof that could be available when determining whether to admit other acts evidence. See id. at 445. If there are other ways for the Government to prove that Mr. Gibson knowingly possessed these firearms, it diminishes the probative value of the other acts and the need for the Government to introduce those acts. See id. Gibson argues in his response that, for Counts 1 and 3, the Government could elicit testimony as to where officers "found the handgun and any comments/admissions that Mr. Gibson made regarding the handgun." (ECF No. 46 at PageID 124). Similarly, for Count 4, "law enforcement can testify about where they found the handgun, the presence of Mr. Gibson's D.N.A. on the weapon, and any other circumstances surrounding the discovery of the weapon." (Id.) These other sources of proof greatly diminish the need for the Government to rely on prejudicial 404(b) evidence.

     Furthermore, to be relevant, other acts evidence "must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried."

United States v. Feinman, 930 F.2d 495, 499 (6th Cir. 1991).  United States v. Chesney, a case that the Government heavily relies on, satisfied this requirement because the other act of firearm possession was a mere five days before the conduct related to the case: "Evidence that a defendant used a firearm in a robbery five days before he was found in possession of a similar firearm would increase the likelihood that the defendant knowingly possessed the similar firearm."  86 F.3d 564, 573 (6th Cir. 1996).  Here, multiple months—160 days in the road rage act and sixty-five days in the front door confrontation—elapsed between each of the other acts and the two dates in this case.  A tighter temporal connection is needed for the admission of these other acts, particularly given the potential prejudice.

If Mr. Gibson "possibly [used] a Glock" (ECF No. 45 at PageID 119), before, it does not affect whether he knowingly possessed a pistol here.  In fact, it would be borderline propensity evidence—Mr. Gibson has used pistols in the past, so it is likely that he possessed pistols here.  See Fed. R. Evid. 404(b)(1).  Additionally, the jury is bound to get confused when asked to bifurcate four separate alleged crimes that all involved pistols.  See Fed. R. Evid. 403.  There are other, less prejudicial ways for the Government to prove Mr. Gibson's alleged knowing possession of a firearm.

The Government's attempt to admit evidence of these two 404(b) other acts is **DENIED**.

**IT IS SO ORDERED,** this 7th day of February, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE